THOMAS K. GODFREY
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: thomas.godfrey@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

OCT 13 2017

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 17-23-BLG-SPW-02 |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| CRYSTAL BUSBY-TETZLAFF, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Thomas K. Godfrey, Assistant United States Attorney for the District of Montana, and the defendant, Crystal Busby-Tetzlaff, and the defendant's attorney, Matthew J. Wald, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other

AUSA  DEF  ATTY  Date                                           Page 1

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count II of the indictment. Count II of the indictment charges the crime of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). This offense carries a mandatory minimum penalty of 10 years to a maximum of life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss count I of the indictment.

Forfeiture: The defendant agrees to disclaim any interest in any drug trafficking paraphernalia, proceeds, or assets traceable to proceeds, firearms, or any instrumentality used in drug trafficking that the United States is seeking to forfeit in this matter and the related civil forfeiture CV-17-98-BLG-SPW-TJC.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, count I of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and count I
| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| /s/ | CMBT | /s/ | 12/6/17 |

of the indictment is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count II of the indictment. In pleading guilty to count II of the indictment, the defendant acknowledges that:

> First, the defendant knowingly possessed methamphetamine; and
>
> Second, the defendant possessed it with the intent to distribute it to another person.
>
> Additionally, while not a formal element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed with the intent to distribute at least 50 grams of actual methamphetamine.
>
> It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of prohibited drug.
>
> To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

AUSA  DEF  ATTY  Date  Page 3

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waivers:**

AUSA  DEF  ATTY  Date                                    Page 6

(a) *Waiver of Appeal of the Sentence - Conditional:* The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). The prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this agreement the defendant waives the right to appeal any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the guideline range calculated by the Court, regardless of whether the defendant agrees with that range. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the guideline range calculated by the Court.

The defendant also waives the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

(b) *Waiver of Appeal of the Sentence – 5K motion*: The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the

defendant waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG §5K1.1, the defendant also agrees to waive the right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

(c) *Waiver and Dismissal of Appeal of the Sentence – Rule 35 motion*: The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, to reward the defendant for any substantial

AUSA   DEF   ATTY   Date          Page 8

assistance the defendant provides after sentencing. If such a motion is made, and granted by the Court, the defendant agrees to waive any appeal of the sentence and judgment imposed, and dismiss any pending appeal of the judgment and sentence previously taken.

If a Rule 35 motion for reduction of sentence is made and granted by the Court, the defendant also agrees to waive the right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

(d) *FOIA Waiver:* The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the

Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**9. Financial Obligations:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet defendant's obligation to pay restitution and/or a fine.

**10. Loss of Federal Benefits:** The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

11. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

12. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

13. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing

in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

_____
Thomas K. Godfrey
Assistant U. S. Attorney
Date: 10/13/17

_____
Crystal Busby-Tetzlaff
Defendant
Date: 10/6/2017

_____
Matthew J. Wald
Defense Counsel
Date: 10/6/17