IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRYSTAL MAY BUSBY-TETZLAFF,<br><br>Defendant. | Cause No. CR 17-23-BLG-SPW<br><br><br>ORDER |

Defendant Tetzlaff moves the Court to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A). On February 23, 2018, she was sentenced to serve 120 months in prison for federal drug offenses. *See* Judgment (Doc. 123). Her projected release date is February 2, 2025. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Dec. 8, 2022).

On August 2, 2022, the Court appointed counsel to represent Tetzlaff. *See* Orders (Doc. 226). Counsel filed a supplemental motion. The United States responded, and counsel replied.

1

## I. Legal Framework

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 4 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Section 3582(c)(1)(A)(i) does not define or cabin the phrase "extraordinary and compelling reasons."[1] It is now clear, however, that "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022).

Demonstrating an extraordinary and compelling reason to reduce the sentence meets one element of a compassionate release motion. To determine whether relief is appropriate, a court must also consider the objectives of federal sentencing set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the

---

[1] The statute provides that any reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 994(a)(2)(C), (t). The Ninth Circuit and most others allow district courts to take account of the guideline, U.S.S.G. § 1B1.13, when a prisoner files a motion to reduce the sentence, but the guideline is binding only when the Director files the motion. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

2

defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

## II. Discussion

### A. Reasons for Release

#### 1. Family

Tetzlaff is 41 years old. Her most urgent concern is that she wishes to have children. The Court understands that her situation is a painful one. She deserves compassion. Her desire to have children is as humanly compelling as every inmate's desire to live his or her life as a free person; however, it cannot be what Congress meant by an extraordinary and compelling reason to reduce a sentence.

#### 2. Safety Valve

Tetzlaff also points to a nonretroactive change in sentencing law. The "safety valve," 18 U.S.C. § 3553(f), authorizes a sentencing court to impose a sentence below a statutory mandatory minimum provided, among other things, that the defendant has relatively minor criminal history and fully and truthfully

3

discloses all she knows about the offense. *See* 18 U.S.C. § 3553(f)(1)–(5) (eff. Dec. 21, 2018).

The safety valve existed when Tetzlaff was sentenced in February 2018, but she did not qualify for it because she had more than one criminal history point. *See* 18 U.S.C. § 3553(f)(1) (eff. May 27, 2010). The First Step Act altered the number and nature of prior offenses a defendant could have while still qualifying for relief. *See* 18 U.S.C. § 3553(f)(1)(A)–(C) (eff. Dec. 21, 2018). Tetzlaff has a prior 3-point offense, *see* 18 U.S.C. § 3553(f)(1)(B); Presentence Report ¶ 38, but she does not have "a prior 2-point violent offense" or more than four points total, *see* § 3553(f)(1)(A), (C). In the Ninth Circuit,[2] therefore, she would be eligible for safety valve relief. *See United States v. Lopez*, 998 F.3d 431, 437 (9th Cir.), *pet. for reh'g en banc fully briefed*, No. 19-50305 (9th Cir. Oct. 12, 2021); Presentence Report ¶¶ 38–40.

The Court will assume that, if Tetzlaff had been sentenced ten months later, she likely would have faced an advisory guideline range of 121 to 151 months, and

---

[2] Considerable dispute is brewing on this issue. A petition for writ of *certiorari* is pending in a case from the Eighth Circuit, with the government's response due on December 14, 2022. *See, e.g., United States v. Pulsifer*, 39 F.4th 1018, 1020–22 (8th Cir. 2022), *pet. for cert. filed*, No. 22-340 (U.S. Oct. 7, 2022); *United States v. Palomares*, 52 F.4th 640, 642–47 (5th Cir. 2022, *mandate issued*, No. 21-40247 (Nov. 28, 2022); *United States v. Pace*, 48 F.4th 741, 752–55 (7th Cir. 2022), *reh'g en banc denied*, No. 21-2151 (Nov. 28, 2022); *see also United States v. Garcon*, 997 F.3d 1301 (11th Cir. 2021), *vacated pending reh'g en banc*, 23 F.4th 1334 (11th Cir. 2022), *oral argument heard en banc*, No. 19-14650 (June 21, 2022).

4

the ten-year mandatory minimum would not apply. *See* Supp. Br. (Doc. 232) at 7.

The Court does not draw the same inference from this supposition that Tetzlaff does. To qualify for relief under the safety valve, a defendant must, "not later than the time of the sentencing hearing, truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). Tetzlaff did that. Although she did not qualify for the safety valve, in effect, the government's motion acknowledged and rewarded her for meeting the truthful-disclosure criterion. If she had qualified for the safety valve, the government would have received the same information, without needing to offer a reduced sentence in exchange for it. Section 3553(f) provides that "the court shall impose a sentence *pursuant to [the] guidelines* . . . without regard to any statutory minimum sentence" (emphasis added). Had the safety valve applied to Tetzlaff, the guidelines would still be one month over the statutory minimum, and one month over the sentence Tetzlaff is serving now. An unwarranted disparity between Tetzlaff and others like her who are sentenced today would arise only if she qualified for the safety valve *and* either the government or the Court decided to *further* reduce her sentence beyond the relief provided by the safety valve.

Counsel suggests that the Court might have varied below 120 months if it

had been possible to do so. *See, e.g.*, Supp. Mot. (Doc. 232) at 8. But on what grounds? Both parties recommended a sentence of 120 months, and the Court agreed with them. They were limited by the statutory minimum. That does not mean both would have recommended a sentence less than 120 months or that the Court would have agreed with a downward variance below 120 months if Tetzlaff had been able to argue for one. Counsel correctly asserts that relief under the safety valve "would have opened up [Tetzlaff's] *ability to argue for* a drastically reduced sentence." Reply at 5 (emphasis added). But, unlike the nonretroactive amendment to 18 U.S.C. § 924(c) at stake in *Chen, see* 48 F.4th at 1093–94, it would not increase the likelihood of her *receiving* a drastically reduced sentence.

This case differs from *United States v. Wright*, No. CR 19-4286-GPC, 2022 WL 673265 (S.D. Cal. Mar. 7, 2022). *See* Reply (Doc 234). At sentencing in that case, the United States recommended a sentence of 84 to 105 months, and Wright recommended a sentence of 46 months. The sentencing court could not impose the sentence Wright requested, because there was a five-year mandatory minimum, and the court found, pre-*Lopez*, that Wright's criminal history disqualified him from safety valve relief. But the court clearly rejected the government's view that the sentence should be between 84 and 105 months, imposing a sentence at the mandatory minimum of 60 months. See 2022 WL 673265 at *1. When *Lopez* opened the safety valve, the government's recommendation at sentencing appeared

6

even farther out of line with a reasonable sentence. The court was "persuaded that Wright would have received safety valve and therefore a shorter custodial sentence had *Lopez* been decided before his sentencing, thus resulting in a sentencing disparity that can be considered under § 3582." 2022 WL 673265 at *4. Thus, in Wright's case, the court found that a sentence below the statutory minimum would have been imposed under the safety valve. That is not the case here. Tetzlaff's guideline range with the safety valve would still exceed the statutory minimum, and the record does not suggest a realistic possibility that Tetzlaff would have received a shorter sentence.

In the circumstances of Tetzlaff's case, the Court is not persuaded that Congress's nonretroactive amendment to the safety valve amounts to an extraordinary and compelling reason to reduce the sentence.

### 3. Health

Tetzlaff has Graves' disease, obesity, and asthma. *See* Supp. Mot. (Doc. 232) at 12; Reply (Doc. 234) at 2–3. Each of these conditions appears to increase the likelihood that she will develop severe illness if she contracts COVID-19. And "[a] person's risk of severe illness from COVID-19 increases as the number of underling medical conditions they have increases." Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 6,

7

2022, and accessed Dec. 8, 2022).

Tetzlaff does not, however, indicate that her conditions are uncontrolled or unusually serious. She is vaccinated, albeit not boosted. The Court is not persuaded that her medical condition is an extraordinary and compelling reason to reduce her sentence.

## B. Conclusion

The Court has weighed each of these factors singly and all together. Only Tetzlaff's health might qualify as an extraordinary and compelling reason to reduce the sentence, but her physiological vulnerability to COVID-19 is not enough to support a reduction of her sentence. The Court need not rebalance the objectives of federal sentencing under 18 U.S.C. § 3553(a).

The Court appreciates counsel's eloquence in urging it to reject a "rigid and rearward-looking perspective." Reply at 6. A prison sentence is the only means available for showing a defendant the gravity of the damage she has done to the world around her. Tetzlaff previously served a sentence that would have been at least 120 months but for a reduction at sentencing to 70 months. She also received the benefit of early termination of supervised release. *See* Presentence Report ¶ 38.

Within four years, Tetzlaff returned not only to using methamphetamine but to helping her husband sell it, inflicting once again the same terrible damage on the world around her. She re-engaged in acts she knew to be federal crimes, despite

knowing exactly how much she did not want to be in prison. She re-engaged in acts she knew would cause physical, mental, emotional, and economic suffering to other addicts and reverberating ill consequences to families, friends, neighbors, and communities. Her 120-month sentence may well be rigid and rearward-looking. That is because she has a considerable debt left to pay.

Reducing the sentence to time served is not warranted. *See Keller*, 2 F.4th at 1284.

Accordingly, IT IS ORDERED that Tetzlaff's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 225, 232, 234) is DENIED. No motions for reconsideration will be entertained.

DATED this 9th day of December, 2022.

Susan P. Watters
United States District Court